Good morning. Good morning, Your Honors. May it please the Court, my name is Michelle Rutherford, Pro Bono Counsel for Petitioner Ryan Zapata Nalangan. I would aspire to reserve three minutes for rebuttal. To find Mr. Nalangan deportable, the government must prove by clear, unequivocal, and convincing evidence that he pled to possession of a federally controlled substance. In this case, the only document listing a federally controlled substance is a 2008 charging document stating that he was charged with possession, felony possession, of methamphetamine. That charge was later dropped, and Mr. Nalangan pled no contest to misdemeanor violations of California law. When you say that the charge was later dropped, the felony charge, how do we know that? How do we know that? Administrative record, page 90, is the Court's docket and minutes, where it shows the felony charge marked through. And then a misdemeanor charge listed. Okay. When you say marked through, you mean that, like, little diagonal line? The diagonal line, yes. I mean, it's not like it's crossed out. It's not like there's some separate order that says felony charge dismissed. And there's a whole bunch of those kind of random marks on the page. In the State of California, a charge — It's what they call a wobbler, being a former California judge. And wobblers, essentially, they can be charged as a felony or a misdemeanor. But it's the exact same charge. The only difference is either this was punished as a felony, 16-2 in three months, or it was allowed to be a misdemeanor sentence of one year or less. So it's the exact same charge. It's just a misdemeanor. It's for purposes of sentences, but it's sentencing, but it doesn't change the charge. And I would say that where — because California allows for oral amendment of charges and indictments, and in this case, the record that we have before us, all we have is the felony charge, which included two defendants, and we have the docket and minutes, which does show the mark through. And we know it was dropped because he wasn't convicted of a felony charge. He didn't plead to a felony charge. The felony charge is no longer there. Well, if it was dropped and he wasn't convicted of anything, you wouldn't be standing here today. Well, he was convicted of misdemeanor violation of California Health and Safety Code 11377. Which is exactly — it's a wobbler. It's exactly the same as the felony. The punishment's the only difference. I absolutely understand it was a wobbler up until recently. I think it was Prop 47. Correct. But that doesn't change our analysis, right? I think it does change the analysis, because when a defendant is taken into open court and the prosecutor amends the charge, drops the charge, whatever phrase we want to use, this Court's jurisprudence is clear that where you're not pleading to the original charge as it was stated in the original charging document, the court can't look to that document to get clear and convincing evidence of the federally controlled substance that underlies the plea. Can you clarify something? You say that our jurisprudence is clear about this issue. Can you name me a case where you have a divisible statute where the modified categorical analysis applies? Is this clearly done? I assume that with Coronado, you concede that's the case, right? Yes, we're conceding. Okay. So in this case, do you have a case where essentially an identical situation where someone was originally charged with a felony, the facts haven't changed, but the plea was reduced to a misdemeanor, and that was followed in the way you would like it to be followed? What case do you cite? I have two cases that I would be hesitant to say they're exactly the same, but I think that the analysis and the reasoning fits perfectly here. It is fair to say, is there not? There is no case right on point. I could not find a case where the change was between a felony and a misdemeanor, and it kept the same underlying statute. However, the reason that the Court says, let me point, let me back up and point the Court to two cases, Alvarado v. Holder and Medina-Lara v. Holder. Both of these are very recent cases, and I would argue that the difference between the original charge and the pled to charge in both of those cases is the same distance of between a plea of a felony, possession of methamphetamine, and if you'll look closely at page 90, there's just a notation that it's misdemeanor 11377. And in both Alvarado and Medina, were they divisible statutes and were the modified categorical analysis applied? Yes, Your Honor. They were? Yes. And in fact, if you look at Alvarado, count one as originally charged was knowing possession of methamphetamine, and the defendant there pleaded to possession of a dangerous drug. And this is the kind of case where the Court's jurisprudence also – it's a highlight of the Court's jurisprudence where we say, even if we can basically assume – And what – and what did the Court, from your perspective, rely upon? Was it the rule of lenity or something of that nature? Because when someone pleads to a lesser offense, this is a criminal charge, we give them the benefit of doubt. Is that the reasoning of the Court? I think the Court relied on the fact that the burden – the government – the burden on the government to prove removability is high. It's clear, unequivocal, and convincing evidence. And where a document introduces doubt into the record, and that's what happens when the charge changes. It introduces doubt into the record. So this is a failure of proof on the part of the government, from your perspective? In my perspective, it's a failure of proof on the part of the government. And the prosecutor in Mr. Nalongan's case had every opportunity to require him to plead as charged in the information to write methamphetamine on the plea agreement. There was nothing. And in such a scenario, my client can't be properly advised of his rights if he's not in the understanding that he's pleading as charged in the original information. And I think what the Court in both Alvarado and Medina-Lara was looking to is saying, look, the government has a high burden. And to meet that burden, where you have doubt – and this is language from the Court's jurisprudence – where there's ambiguity in the documents, the government must exhaust the ambiguity in the documents to prove that high standard of deportability. So can I – your – the rule that I guess you're advocating that we adopt is that if there is any difference, no matter how slight, between the charge defense and the defense that the Petitioner pleads guilty to, the government will never be able to meet this high burden you've just described? You know, Judge Watford, I would say that that rule is actually already present in the jurisprudence. If we look at the language of Medina-Lara, there was a count three was for cocaine. The notation on the pleading charge just said he pled to 3A. And there were four or five theories as to what 3A could mean. Many of them very plausibly could have meant the original count three, cocaine. But the Court said, again, even though there was no serious suggestion that the defendant in that case pled to anything other than a controlled substance, it still was not sufficient to meet the government's high burden of clear, unequivocal, and convincing evidence. And I would argue simply that this case fits within that. But it's the same charge. This sort of comes under the no good deed goes unpunished. I have that, you know, he gets a misdemeanor to the exact same charge, and it only affects his sentence, so that this is what I call, I think you cite the frame here in terms of Medina and Alvarado, and then you have another line of cases on the other side, and you're sort of a tweener here. So you're not exactly like Medina-Alvarado, but you're not exactly like the other one. So the court is still ambiguous. We don't know what happened between the dropping of the Federal charge and the plea to the misdemeanor charge. I agree that it's still under 11377, but the court's trying, the court requires a clear and convincing link between the charging document and the plea agreement. And where we have nothing else to show us that we can look back to that charging document, that charging document remains the allegations of a prosecutor only. Do you want to save your two minutes? I would love to. Thank you. Okay, thank you. Good morning, Your Honors. Manuel Palaf, the respondent, the Attorney General. This is a straightforward case where the clerk's minute order specifies that the petitioner pled specifically to count one. That plea to count one reference allowed the board, an immigration judge here, to refer to that complaint to determine what control substance was at issue in the conviction, and count one specifies that it was methamphetamine. This is the same modified categorical approach that this Court has approved in Coronado and numerous other cases, and also in various sentencing cases. Well, now, on the other side, I think her best cases, she said, were Alvarado and Medina-Lara. Why do those – why doesn't – don't those cases require us to grant the petition? Well, Medina-Lara, it's the underlying facts, as I recall. I'm not quite conversant with the facts in Alvarado. I do know that in Medina-Lara, there were – there were – there were – it was ambiguous because there were notations in the minute order which were indecipherable, and I believe there was a number of charges. Here, we have one complaint, one count, and the sole charge is that he possessed methamphetamine, and that is what he pled guilty to. So it's – you can connect the references between the minute order and the complaint. There is only one complaint in the record of conviction, and it's on page 88 of the record. So I agree with the – well, counsel's contention that that complaint is no longer operative, it was dismissed or discharged, finds no support in the record. If it was dismissed or discharged, as you said, Your Honor, that he wouldn't be guilty of anything. Counsel, in this particular case, looking at count one, it says, referring to him that he did honor about January 6th, 2008, commit a felony to wit and then going down and listing the 11377A. That's not what he pled to, according to the backup documents. He pled to a misdemeanor. So at the very least, would the government concede there is ambiguity here? I would concede – first of all, I would concede that he pled to a misdemeanor and he was charged with a felony. But that's a – I believe you can conclude from the minute order that the interlineations or the lining out was a result of a plea bargain or a decision to plea no contest. So the charge was reduced from a felony to a misdemeanor. That does not signify in any way that the underlying facts in the complaint were also modified. That, of course, is what Judge Callahan talked about. It's a wobbler. But unfortunately for the government, this has to be a felony for you to get the results you want in this case, right? No, sir. Okay, so – It's removably because of a conviction related – Well, let me clarify that. There has to be clear evidence that he pled to a particular offense. The count one spoke of a felony. The cross-outs suggest that he pled to a misdemeanor. It seems like there's ambiguity. So can the government prove, based upon the documentation that you have here, that he pled to something that would permit you to get the result that you want? What's key here, Your Honor, are the facts. And the clerk's minute order specifies that he pled to the facts as set forth in count one. As you note, it's a wobbler. The same facts support either a misdemeanor or a felony. All the government had to prove was that the controlled substance at issue in his conviction, be it a misdemeanor or a felony, was a controlled substance. And that's methamphetamine. So that's the only thing the government had to prove to remove the petitioner in this case. And a change in the severity of the charge or the punishment for the charge does not signify that the underlying facts, which would support either a felony or a misdemeanor, have changed. But how do we deal with this language? Again, I'm quoting from the record at A.R. 90. The clerk wrote directly underneath the line for the plea entered, plea to a lesser included slash reasonably related offense, no contest, and it's next to of count one to the charge, and so on. How are we to construe that? I think it's clear that he pled no contest to count one to the charge of misdemeanor. Count one didn't say misdemeanor. I'm sorry. Count one said felony. I'm sorry. Count one said felony. It didn't say misdemeanor. Yes. Again, admitting, as Judge Callahan pointed out, same facts, but you have a different plea here. One is a felony count. One is a misdemeanor count. And if you refer back to the count one, that says felony. Yes, sir. And that relates to the punishment to be imposed in the case. Under California Penal Code Section 19B, an offense, which is a wobbler, becomes either a misdemeanor or a felony upon sentencing. If it's sentenced as a misdemeanor, here it was time in county jail. From that point forward, it is a misdemeanor for all purposes. And the point, I think, if there were different offenses charged or the modification had to do with the underlying substance, I agree, there's a problem. But here, the same facts support either a felony punishment or a misdemeanor punishment. But can't even the judge, by virtue of back then, before the amendment, can't the judge, by virtue of the sentencing to a misdemeanor, make it a misdemeanor operationally as a matter of law? Yes, I think he can. It doesn't even have to be an amendment by the prosecutor. Correct. I can't tell the Court why this was modified from a as far as the count goes, but I believe if that modification is reflected in the minute order, if there was going to be a modification in the underlying facts, for example, a different substance was involved, that could readily have been put in here. It was not. So we have to rely on the record of conviction. And you can't assume or speculate without tethering it to the record that perhaps no substance was involved and someone forgot to put it in here. That seems like exactly the situation in Medina. Is it Medina-Lara? Yeah. I mean, it was the exact same statute that was the 3 v. the 3A. And the government there, too, put forward perfectly plausible explanations why it must have been the same substance, right? And yet we said, well, that's just not good enough under the demanding evidentiary standard you have to meet. I don't – I'm not – I don't have to explain, Your Honor, respectfully, the why part. The fact is he pled to count. The only count in the record is the one before us. And it's not modified. How about addressing Medina-Lara, though, the circumstance I just described? Right. Why is that any different from this case? I think it's vastly different because there's a – there were a number of charges there. There's only one here. It's the – it was the exact same statute in 3 v. 3A, okay? Okay. I'm sorry. So I'm just saying I look at that and then I look at this. It's the exact same statute. I'll grant you that. I don't know why a different substance would have been introduced for the misdemeanor charge, but I think the same could have been said in Medina-Lara. Right. Well, A in Medina-Lara, even though it was the same statute, it was different subsections. Here, there's only one subsection, A, and there's only one way to violate it. I think it was the exact same charge. I'm sorry. I'm not – I'm not confessing. I'm saying here in our case, there's – the only violation charge was under 11377A, the exact same statute. And that's true in Medina-Lara as well, though. That's what I'm saying. Unless you're going to tell me I'm wrong and point me to something in the case. No, I'm not telling you you're wrong on Medina-Lara. I wouldn't do that. I'm saying that there were other circumstances in Medina-Lara where there were numerous opportunities for the government to clarify the record, and it wasn't just the statute being the same. It was that there were – the Court could literally not read whether the – they were referring to 3A or the other subsection. No, no, no, no. It had nothing to do with the subsection of the statute. It was just a notation on the count, next to the count. Oh, okay. Count 3, and then it was count 3A. And we couldn't figure out what does the A mean? Does the A mean that the count was amended because it can be done orally and we have no record of what the amendment consisted of? The government said, no, no, no, it wasn't an amendment. It was just some other – it had some other significance. And we said, you know what? In that situation where we can't figure out what the explanation for the difference is between the charge defense and the defense to which the Petitioner pleaded guilty, the government loses. And I'm looking at this case, and it seems to me the same exact thing. You have perfectly plausible explanations for why, sure, it must have been a misdemeanor. What else could it have been? But on the other hand, it's a – it is a different charge that the defendant pleaded – the Petitioner pleaded guilty to than the one that's charged in the complaint. Yeah. I think all I'm saying, Your Honor, is that speculation – you can't speculate that it was a different charge. You have to relate to the record of conviction. There's only one complaint in the record. Yes, it was modified as to the severity, but the underlying facts were the same. That's all I'm saying. Thank you, Your Honor. Thank you. Judge Watford makes a great point. It was the same charge in Medina-Lar from 3 to 3A. And in that case, the Court said exactly what Judge Watford has pointed out. I would also like to just point the Court – make two simple points. Even if it is the same charge under Medina-Lar, where the charge has changed and it's gone from a misdemeanor – or from a felony to a misdemeanor, we can't clearly and convincingly relate the charging document back to the plea. The prosecutor, anybody, could have made a simple notation on that clerk's docket in minutes to ensure that the government would be able to meet its burden here. Counsel, can I interrupt you just for one thing? Looking at the – at Alvarado and Medina-Lar, it appears that in each case there was a contention that the crime originally charged was, in quotes, dismissed, in quotes, and a lesser offense was brought on. Is it your contention that in this case, the original felony charge was, in quotes, dismissed and substituted – and the misdemeanor was substituted? That would be our position, but I would hold that it's not necessary to finding for us in this sense. Whether or not it was dismissed or amended or changed is unnecessary to the analysis because the fact of the matter is that the original charging document – we can no longer look to that document. It's not reliable because he was – he did not plead as charged to the felony count in that document, and things have changed. And I would just remind the Court that the government's position here is, as they stated in one of their briefs, which is there's only one substance that could have formed the basis for the plea and conviction, methamphetamine. But this Court has made clear that just because it could have formed the basis, that is not a sufficient clear and convincing evidence that Mr. Nalangan pled to possession of methamphetamine as it stands on this record. Kagan. Just really quickly, did Medina-Lara have more than one set of documents in play? More than one set of documents. Here we just have the 11-377a-1. Did Medina-Lara have more than one set? The government introduced additional ones, correct? I believe that is correct, Your Honor, yes. Okay. Thank you. I want to thank both of you for your argument, and I want to thank Pro Bono counsel. Our Pro Bono program only works because of people willing to take the time out of their busy schedules to give representation in cases that we feel it would be helpful to the Court. And we recognize that it's a sacrifice on the part of those that do it, and we appreciate it, and it makes the court system work better. Thank you.
judges: Callahan, Smith, Watford